[Cite as *State v. Rock*, 2016-Ohio-8518.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

STATE OF OHIO,                                    :        **MEMORANDUM OPINION**

          Plaintiff-Appellee,            :
                                                          **CASE NO. 2016-L-122**
    - vs -                                           :

DAVID V. ROCK, JR.,                        :

          Defendant-Appellant.        :


Criminal Appeal from the Court of Common Pleas, Case No. 1997 CR 000363.

Judgment:  Appeal dismissed.


*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH  44077 (For Plaintiff-Appellee).

*David V. Rock, Jr.,* pro se, PID: A663-040, Mansfield Correctional Institution, P.O. Box 788, 1150 North Main Street, Mansfield, OH  44901 (Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1}    On November 10, 2016, appellant, David V. Rock, Jr., pro se, filed a notice of appeal from an August 18, 2016 judgment entry issued by the Lake County Court of Common Pleas.  In the judgment, the trial court denied appellant's motion for the transcript of proceedings at state's expense.

{¶2}    App.R. 4(A)(1) states in part:

{¶3} "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶4} In this case, appellant's notice of appeal was due no later than September 19, 2016, which was not a holiday or a weekend. Since appellant's notice of appeal was not filed until November 10, 2016, the appeal is untimely by almost two months.

{¶5} App.R. 5(A) states, in relevant part:

{¶6} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7} "(a) Criminal proceedings;

{¶8} "(b) Delinquency proceedings; and

{¶9} "(c) Serious youthful offender proceedings.

{¶10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *"

{¶11} In the present case, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A) nor sought leave to appeal. Thus, this court is without jurisdiction to consider the appeal. Appellant has a remedy under App.R. 5(A) to file an untimely appeal from a criminal judgment.

{¶12} Based upon the foregoing analysis, the appeal is hereby sua sponte dismissed as being untimely.

{¶13} Appeal dismissed.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.